IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| XIAO DAN KOSHAR, | § |
| Plaintiff, | § § § |
| v. | § Civil Action No. 4:21-cv-280-SDJ-KPJ § § |
| TIGI LINEA CORP., | § § |
| Defendant. | § |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Defendant TIGI Linea Corp.'s ("Defendant") Unopposed Motion for an Extension to File Dispositive Motions (Dkt. 39) (the "Motion"), wherein Defendant requests to extend the dispositive motion deadline to April 30, 2022. Upon consideration, the Motion is **GRANTED IN PART and DENIED IN PART**.

### I. BACKGROUND

This is Defendant's third request for a continuance since November 2021. *See* Dkts. 34, 37, 39. As set forth in recent Orders, the parties are bound by the following deadlines:

| | |
|---|---|
| 1/19/2022 | Deadline for motions to dismiss, motions for summary judgment, or other dispositive motions. |
| 2/28/2022 | Defendant's deadline to depose Plaintiff. |
| 04/20/2022 | Final Pretrial Conference at 9:00 a.m. at the United States Courthouse located at 7940 Preston Road in Plano, Texas. Parties should be prepared to try the case on this date. All cases on the Court's Final Pretrial Conference docket for this day have been set at 9:00 a.m. However, prior to the Final Pretrial Conference date, the Court will set a specific time between 9:00 a.m. and 4:00 p.m. for each case, depending on which cases remain on the Court's docket. |
| To be determined | Jury selection and trial (or bench trial) at 9:30 a.m. at the United States Courthouse located at 7940 Preston Road in Plano, Texas. |

1

> Cases that remain for trial following the Court's Pretrial docket will be tried between May 2, 2022, and May 31, 2022. A specific trial date in this time frame will be selected at the Final Pretrial Conference.

*See* Dkts. 30, 36, 38.

In the Motion, Defendant requests to extend the dispositive motion deadline to April 30, 2022, to give the Court time to decide Defendant's pending Motion to Dismiss (Dkt. 13) and allow Defendant to depose Plaintiff before the dispositive motion deadline passes. *See* Dkt. 39 at 1–2. On January 24, 2022, the parties appeared for a hearing on the Motion (the "Hearing") during which the Court expressed that the Motion could not be granted without resetting both the final pretrial conference and trial setting in this matter. *See* Dkt. 41. Neither party objected to such a continuance at the Hearing; however, in the recent past, Plaintiff has expressed opposition to Defendant's requests to extend pretrial deadlines. *See* Dkt. 35 at 3 ("I . . . wish to go by the court schedule provided earlier. I am against/oppose the extension . . . .").

## II.     ANALYSIS

Federal Rule of Civil Procedure 16 provides that a scheduling order may be modified "only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). "Good cause generally requires a demonstration that 'deadlines cannot reasonably be met despite the diligence of the party needing the extension.'" *Marable v. Dept. of Comm.*, 857 F. App'x 836, 838 (5th Cir. 2021) (quoting *S&W Enters., L.L.C. v. SouthTrust Bank of Ala., N.A.*, 315 F.3d 533, 535 (5th Cir. 2003)). Courts consider four factors to determine whether good cause exists to modify a scheduling order: "(1) the explanation for the failure to timely [comply with the scheduling order]; (2) the importance of the [modification]; (3) the potential prejudice in allowing the [modification]; and (4) the availability of a continuance to cure such prejudice." *Squyres v. Heico Companies, L.L.C.*, 782 F.3d 224, 237 (5th Cir. 2015) (alteration in original) (quoting *Meaux Surface Protection, Inc. v.*

*Fogleman*, 607 F.3d 161, 167 (5th Cir. 2010)). As long as good cause exists, the Court has broad discretion to modify the scheduling order. *See Batiste v. Lewis*, 976 F.3d 493, 500 (5th Cir. 2020) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)) ("Rule 16(b) . . . gives district courts broad discretion in enforcing the deadlines in their scheduling orders.").

In this case, good cause exists to modify the Scheduling Order (Dkt. 30). As to the first factor, and as previously stated both on the record and in a prior Order of the Court, *see* Dkt. 36, the Court finds Defendant's explanation for the requested continuance is lacking. As set forth in the Scheduling Order (Dkt. 30), Defendant's failure to timely submit a motion for summary judgment is not justified by its failure to timely depose Plaintiff or the fact that the Court has yet to rule on Defendant's pending Motion to Dismiss. *See* Dkt. 30 at 5. Nonetheless, the Court finds that the second factor, the importance of the modification, weighs in favor of good cause. Plaintiff is the sole claimant in this action. As the Court has previously expressed, Plaintiff's deposition is important to develop a more complete record in this case. As to the third factor, Plaintiff does not contend that she will be prejudiced if the Court extends the dispositive motion deadline, and neither party objected to the Court's extension of the pretrial conference and trial setting of this matter. Thus, in considering the fourth factor, the Court finds that a continuance of the final pretrial conference and remaining pretrial deadlines is available to cure any prejudice that might result from an extension of the dispositive motion deadline.

### III.   CONCLUSION

In light of the foregoing, the Motion (Dkt. 39) is hereby **GRANTED IN PART and DENIED IN PART**.

**IT IS ORDERED** that Defendant must depose Plaintiff, if at all, no later than **February 7, 2022.** Defendant shall depose Plaintiff virtually or at a location convenient to Plaintiff.

**IT IS FURTHER ORDERED** that the dispositive motion deadline is extended to **February 21, 2022.** The Court will not grant further extensions of the dispositive motion deadline or of the dispositive motion briefing schedules.

**IT IS FURTHER ORDERED** that the Final Pretrial Conference scheduled for February 20, 2022, is **RESET** to **July 20, 2022, at 9:00 a.m.** The parties shall expect to try this case between August 1, 2022, and August 31, 2022. A specific trial date in this time frame will be selected at the Final Pretrial Conference.

**IT IS FURTHER ORDERED** that the Clerk of Court shall email this Order to xiao99win@yahoo.com.

**So ORDERED and SIGNED this 25th day of January, 2022.**

_____
KIMBERLY C. PRIEST JOHNSON
UNITED STATES MAGISTRATE JUDGE